THOMAS DIXON & another *vs.* EDMUND HANCOCK & others

A party residing abroad, having contracted with a manufacturer in this state for the building of certain machines, which were to be delivered to such party's general agent here, by whom they were to be received and shipped, and paid for out of funds furnished him for the purpose, a part of the machinery was accordingly manufactured and delivered to the agent, and the whole thereupon paid for by him; it was held, that the agent did not thereby acquire any such property in the articles not delivered, as would entitle him to maintain an action of replevin therefor against the manufacturer.

THIS was an action of replevin, and was submitted to the court upon the following facts : —

In November, 1846, William E. Clarke, on behalf of Henry G. Cussen, of the firm of Hartley and company, of Rio Janeiro, made a contract with the defendants at Jencksville, in the town of Ludlow and county of Hampden, for certain machinery, namely, fifty looms, two Taunton speeders, and a drawing frame, to be delivered in Boston to the plaintiffs, who were to receive and ship the same to Hartley and company. In the latter part of April, 1847, the looms were delivered to the plaintiffs at Boston; and the defendants wishing to settle for all the machinery then, and promising that the speeders and drawing frame should be delivered in the course of the next week, Clarke made a draft on the plaintiffs, who were also the general agents of Hartley and company, for the full amount of the machinery, and the plaintiffs accepted the draft, and paid it out of funds deposited by Cussen with them for the purpose. The speeders and drawing frame not being delivered at the time agreed on, this action was brought.

*H. Vose*, for the plaintiffs, cited Chit. Cont. 300 ; *Rohde* v. *Thwaites*, 6 B. & C. 388 ; *Tuxworth* v. *Moore*, 9 Pick. 347 ; Story, Ag. §§ 361, 371 ; *Baker* v. *Fuller*, 21 Pick. 319 ; *Eaton* v. *Lynde*, 15 Mass. 242 ; *Baker* v. *Fales*, 16 Mass. 147 ; Rev. Sts. *c.* 113, § 27 ; *Badger* v. *Phinney*, 15 Mass. 359.

*L. Norton*, for the defendants, cited *Waterman* v. *Robinson*, 5 Mass. 303 ; *Wheeler* v. *Train*, 3 Pick. 255 ; *Whitwell* v *Wells*, 24 Pick. 25 ; *Pattison* v. *Adams*, 7 Hill, 126 ; *Perley* v

*Foster,* 9 Mass. 112 ; *Warren* v. *Leland,* 9 Mass. 265 ; *Lawrence* v. *Wright,* 23 Pick. 128 ; *Ludden* v. *Leavitt,* 9 Mass. 104 ; *Coxe* v. *Harden,* 4 East, 211 ; *Waring* v. *Cox,* 1 Camp. 369 ; *Phelps* v. *Willard,* 16 Pick. 29 ; *Atkinson* v. *Bell,* 8 B. & C. 277 ; Story, Ag. §§ 28, 29, 150, 151 ; *Gilmore* v. *Pope,* 5 Mass. 491 ; *Gates* v. *Gates,* 15 Mass. 310.

BY THE COURT. This is merely a question of fact on the evidence. It is replevin for certain machines described. They were made for Hartley and company, of Rio Janeiro. Cussen, as their agent, contracted with Clarke, and he made a subcontract with the defendants, Hancock and son, by whom the machines were made. Dixon and son, the plaintiffs, merchants in Boston, were the agents, by whom the machines were to be received and shipped to Hartley and company ; they were also by agreement to advance and pay the money for them, when received to be shipped. The court are of opinion, that Dixon and son, the plaintiffs, had no property, general or special, in the machines, and therefore cannot maintain replevin for them. They were to pay for them, it is true ; but they were to pay as agents, charging the moneys thus paid to their principals.

*Judgment for the defendants.*